UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| SIEMENS HEALTHCARE | ) | |
| DIAGNOSTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  4:10-cv-40124-TSH |
| | ) | |
| ENZO LIFE SCIENCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................ 4

    I.     There Is No Case Or Controversy Because The Siemens '246 Patent Has Expired ........................................................................................................................ 4

          A.     The Court does not have subject-matter jurisdiction over a Section 146 action involving an expired patent .............................................................. 5

          B.     Siemens has not suffered any injury in fact ................................................. 7

          C.     The Court cannot provide any meaningful relief to Siemens ..................... 7

    II.    Certain Of Siemens's Claims Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted .................................................................... 8

CONCLUSION ........................................................................................................ 11

Defendant Enzo Life Sciences, Inc. ("Enzo") respectfully submits this brief in support of its motion to dismiss the Complaint (D.I. 1) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

## INTRODUCTION

This case is a civil action under 35 U.S.C. § 146 to review a decision rendered by the Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences ("BPAI") in Interference 105,489 ("the '489 interference"). The '489 interference was declared between Enzo's U.S. Patent Application 08/479,995 ("the Enzo '995 application") and Siemens's U.S. Patent 5,124,246 ("the Siemens '246 patent"), originally assigned to Bayer Healthcare and later acquired by plaintiff Siemens Healthcare Diagnostics, Inc. ("Siemens").

The Complaint should be dismissed for two independent reasons. First, because the Siemens '246 patent has expired, there is no meaningful relief that can be granted to Siemens within the limits of this quasi-appellate proceeding under Section 146. Accordingly, there is no cognizable case or controversy.

Second, Siemens's claims attacking the patentability of Enzo's claims or the enforceability of any patent that might in the future issue to Enzo should be dismissed for failure to state a claim upon which relief can be granted because there is no decision of the BPAI on those matters to review in this case. Specifically, because the BPAI entered judgment in Enzo's favor after Siemens did not contest Enzo's priority of invention over Siemens, the BPAI did not (and had no reason to) separately adjudicate Siemens's attack on the patentability of Enzo's claims on nonpriority grounds. Under the BPAI's rules, that tribunal is vested with discretion to dispose of interferences in the most expeditious manner. When the BPAI is able to enter judgment against one party on a dispositive issue that is amenable to a relatively straightforward

proceeding, the BPAI properly declines to reach other issues that are rendered moot.  This is because the purpose of an interference is to determine priority of invention, not to decide all issues that may be identified by the parties.  Siemens's Complaint does not state a claim with respect to issues that the BPAI did not reach because there is no decision of the BPAI on such grounds to review.  Siemens's inability to obtain what is essentially an advisory opinion concerning a patent that might issue to Enzo does not, however, deprive it of the ability to obtain an adjudication of these issues (the patentability of Enzo's claims) at some point in the future if they become ripe.  Specifically, <u>if</u> Enzo's application issues as a patent and <u>if</u> Enzo asserts that patent against Siemens, then Siemens will be able to raise invalidity as an affirmative defense in that future case.  It simply cannot obtain an <u>advance</u> decision on them in this Section 146 case, in which the Court is called upon only to review the issues that the BPAI actually adjudicated.

## **BACKGROUND**

In the United States, only one patent is permitted for a given patentable invention.  The patent that is allowed to issue goes to the earliest inventor of the claimed invention.  Thus, the United States is referred to as a "first-to-invent" jurisdiction, unlike some other countries that operate on a "first-to-file" basis.

When the PTO finds that two different patent applications (or an application and an issued patent) claim the same invention, an interference may be declared to determine the earliest inventor.  35 U.S.C. § 135.  The BPAI, an adjudicatory body in the PTO, identifies a "count" that corresponds to the commonly claimed subject matter, 37 C.F.R. § 41.203, and then determines which applicant is the first inventor of that subject matter.  The first inventor is said to have "priority" of invention.

The BPAI may hear issues other than priority when necessary to resolve an interference in the most efficient manner.  If one party's claim is unpatentable for some reason other than priority, for example, if it lacks appropriate written description under 35 U.S.C. § 112, the BPAI may enter judgment against a party on those grounds and terminate the interference.  The BPAI's discretionary authority to decide such other issues is codified in 35 U.S.C. § 135(a) (the BPAI "<u>shall</u> determine questions of priority of the invention and <u>may</u> determine questions of patentability") (emphasis added).

In the interference here, Siemens did not seek judgment on priority.  (Exhibit A at 2.) Because the Enzo '995 application had a priority date in 1983 and the Siemens '246 patent had a priority date in 1987, Siemens's failure to contest priority meant that Enzo would win the interference unless Siemens prevailed on other grounds.  Siemens filed three motions on such issues.

First, Siemens argued that Enzo's claims were presented too late under 35 U.S.C. § 135(b)(1), which provides that a claim may not be made in an application for the same (or substantially the same) subject matter as a claim of an issued patent more than one year after such patent issued.  Siemens lost this motion, with the BPAI finding that Enzo had presented an appropriate claim in a timely manner.  (Exhibit B at 2–10.)

Second, Siemens argued that if Enzo's claims were barred under Section 135(b)(1), then no interference in fact would exist.  This motion was contingent on Siemens winning its first motion.  Because the BPAI denied the first motion, this motion was also denied.  (Exhibit B at 10.)

Third, Siemens argued that the involved claims of the Enzo '995 application were unenforceable due to prosecution laches because, according to Siemens, Enzo unduly delayed

prosecuting the application before the PTO.  The BPAI declined to exercise its discretion to decide this motion because it found that the evidence of prejudice was ambiguous and the PTO never issued the required warning to Enzo that its prosecution strategy may result in forfeiture. (*Id.* at p. 31.)

The BPAI further decided, in its discretion, not to authorize either side to file motions attacking patentability.  (Exhibit C at 3.)

Having denied the two Siemens motions deemed relevant to the priority determination, the BPAI entered judgment in favor of Enzo as the first to invent the claimed invention.  (Exhibit A.)

## ARGUMENT

**I.      There Is No Case Or Controversy Because The Siemens '246 Patent Has Expired**

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'"  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  Because the Siemens '246 patent expired before Siemens filed this case, there is no case or controversy.  Accordingly, this case does not present a case or controversy required by Article III of the Constitution.

The case-or-controversy doctrine encompasses the mootness doctrine, which demands that a case present a live case or controversy at all times during the pendency of the case:

> Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing.

*Burke v. Barnes*, 479 U.S. 361, 363 (1987); *see City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001).  When the issues presented in a case are no longer live or the parties

lack a legally cognizable interest in the outcome, the case becomes moot. *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 450 (1st Cir. 2009).

The case-or-controversy doctrine also requires that a plaintiff have standing to bring a suit. *Allen*, 468 U.S. at 750. In order to have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* To establish standing, a plaintiff must show, *inter alia*, that they have suffered an injury in fact and that the injury is redressable by a court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Siemens bears the burden of establishing standing. *Id.* at 561.

A court does not have subject-matter jurisdiction over a case absent an actual case or controversy. *United States v. Rene E.*, 583 F.3d 8, 19 (1st Cir. 2009). Accordingly, the Court lacks subject-matter jurisdiction over the present case for three independent reasons. First, an expired patent cannot be the subject of a Section 146 action. Second, Siemens did not suffer any injury in fact when the BPAI canceled the Siemens '246 patent. Third, a court cannot provide any meaningful relief to Siemens when the Siemens '246 patent has already expired.

A.   **The Court does not have subject-matter jurisdiction over a Section 146 action involving an expired patent**

A federal court does not have subject-matter jurisdiction to hear a Section 146 action that involves an expired patent. *See 3V, Inc. v. CIBA Specialty Chem. Corp.*, 587 F. Supp. 2d 641, 646–47 (D. Del. 2008). For example, in *3V*, the BPAI initiated an interference proceeding between an issued patent owned by 3V and a pending patent application owned by CIBA. *Id.* at 642. The BPAI issued a final decision that was partially adverse to both of the parties, including a decision that CIBA held priority of invention. *Id.* In response to the BPAI's decision, 3V initiated a civil action pursuant to Section 146 challenging the BPAI's decision. *Id.*

During the course of the Section 146 action, 3V filed a statutory disclaimer pursuant to 35 U.S.C. § 253 disclaiming all of the claims in the issued patent and dedicating the entire right, title, and interest in the patent to the public. *Id.* at 643. Accordingly, the court held that because 3V's patent was disclaimed there were no longer interfering patents to support an action under Section 146. *Id.* at 646–47.

An analogy to actions brought under 35 U.S.C. § 291 further supports the lack of subject-matter jurisdiction of this case. Section 291 allows for an interference between two issued patents to be conducted in a federal court. Importantly, an expired patent cannot be the subject of a Section 291 action. *Alberta Telcomms. Research Ctr. v. Rambus, Inc.*, No. C-06-02595 RMW, 2006 U.S. Dist. LEXIS 81093, at *5–10 (N.D. Cal. Oct. 24, 2006) (holding that a court does not have subject-matter jurisdiction over an action under Section 291 when one of the patents has expired); *see Albert v. Kevex Corp.*, 729 F.2d 757, 761 (Fed. Cir. 1984) (holding that an issued patent disclaimed under Section 253 cannot be the subject of a Section 291 action).

In *Alberta*, Alberta filed a Section 291 action alleging that one of Alberta's patents interfered with an already expired Rambus patent. *Alberta*, 2006 U.S. Dist. LEXIS 81093, at *5. In holding that an expired patent did not support subject matter jurisdiction for a Section 291 action, the court held that "the owner of an expired patent cannot maintain suit since the claims of an expired patent are no longer of any force or effect and cannot be interference [*sic*] with those with those of any other patent." *Id.* at *8.

Moreover, Section 135, which authorizes interference proceedings before the BPAI, also does not permit an expired patent to be the subject of an interference proceeding:

> Whenever an application is made for a patent which, in the opinion of the Director, would interfere with any pending application, or with any <u>unexpired</u> patent, an interference may be declared . . . .

§ 135 (emphasis added); *see Petrie v. Welsh*, 21 U.S.P.Q.2d 2012 (B.P.A.I. 1991) (holding that

the BPAI lacks subject-matter jurisdiction over an interference between an expired patent and a

pending patent application); *see also Waterman v. Birbaum*, 53 U.S.P.Q.2d 2024 (B.P.A.I. 2000)

(holding that the BPAI lacks subject-matter jurisdiction over an interference between an

abandoned patent and a pending patent application).

Similarly, in the present case, the Siemens '246 patent expired before the present Section

146 case was filed.  Therefore, there is no case or controversy, and the Court lacks subject-matter

jurisdiction.

**B.      Siemens has not suffered any injury in fact**

The BPAI's decision to cancel the claims of the Siemens '246 patent has not caused

Siemens an injury in fact because the Siemens '246 patent had already expired after enjoying its

full statutory term.  Therefore, Siemens does not have standing to bring this case.

The BPAI's decision to not cancel the involved claims of the Enzo '995 application also

did not result in any injury to Siemens.  Enzo's '995 application still resides as a pending patent

application at the PTO undergoing *ex parte* prosecution.  It has not yet, and may not ever, issue

as a patent.  As Enzo has not and cannot at this time enforce its patent claims against Siemens,

Siemens has suffered no cognizable injury.

**C.      The Court cannot provide any meaningful relief to Siemens**

In its prayer for relief, Siemens has requested that the Court reverse the decision of the

BPAI.  (Complaint p. 10.)  Specifically, Siemens requests an order that the involved claims of

the Siemens '246 patent are not canceled, that the involved claims of the Enzo '995 application

are unpatentable, and that the Enzo '995 application is unenforceable due to prosecution laches.

(*Id.*)  The Court is not able to provide relief to Siemens on any of these issues.

The Court is unable to revive the Siemens '246 patent because it has already expired by its own statutory term.  And the Court is unable to hold that the involved claims of the Enzo '995 application are unpatentable or that the Enzo '995 application is unenforceable for prosecution laches because a third party, such as Siemens has no standing to challenge the validity of a pending patent application in district court.  *Animal Legal Defense Fund v. Quigg*, 932 F.2d 920, 930 (Fed. Cir. 1991).  A challenge to the validity or enforceability of Enzo's patent claims is an affirmative defense available to Siemens if and only if Enzo's patent issues and Enzo decides to assert the patent against Siemens.

## II.     Certain Of Siemens's Claims Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

Siemens's claim that the involved claims of the Enzo '995 application are anticipated or render obvious by the prior art under Sections 102 and 103 (Complaint ¶ 27), and Siemens's claim that that certain of the involved claims of the Enzo '995 application are multiple dependent claims that depend on other multiple dependent claims in violation of Section 112 ¶ 5 (*id.* at ¶ 28), should be dismissed because they were not addressed by the BPAI in the Section 135 interference.

The Federal Circuit has limited the issues that may be considered in a Section 146 action to those that were raised in the underlying interference proceeding:

> In order for an issue to have been raised adequately so that it qualifies for consideration in a § 146 proceeding, the issue should have been raised as specified in the PTO's interference rules, for example, through preliminary motions, motions to correct inventorship, miscellaneous motions, belated motions delayed for good cause, or opposition to these motions.

*Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994); *see In re Watts*, 354 F.3d 1362, 1367–68 (Fed. Cir. 2004) ("We have frequently declined to hear arguments that the applicant failed to present to the board.").  Siemens was not authorized to file its unpatentability

motion in the interference.  (Exhibit C at 3.)  Accordingly, those issues were not addressed by the BPAI, and they are inappropriate for review here.

The Federal Circuit has held that consideration of such issues not raised in the interference would be an abuse of discretion by the district court.  In *Conservolite*, the plaintiff filed a Section 146 action to contest an adverse decision of the BPAI in an interference.  21 F.3d at 1100.  At the district court, Conservolite raised the issue of "same patentable invention" in order establish that the interfering patents were not directed to the same invention, and therefore, no interference in fact existed.  *Id.* at 1101.  However, this issue was not addressed by the BPAI.  *Id.*  The Federal Circuit held that because the issue was not raised during the interference the court could not review it during the Section 146 action.  *Id.* at 1102.

The Federal Circuit reasoned that "the parties to an interference must make a complete presentation of the issues at the Board level so that the interference is efficient and not wasteful of administrative and judicial resources."  *Id.* at 1102.

Similarly, in the present case, Siemens's claims concerning invalidity and improper dependency were not addressed by the BPAI because the BPAI decided in its discretion not to reach them, holding that they were not necessary to resolve the interference and would distract the true issue of priority:

> Each party wishes to file a motion attacking the patentability of the other's claims over prior art.  Given the unusual number of claims, this exercise appears to be a significant distraction from the priority determination.  Consequently, after further consideration, neither motion on patentability is authorized. . . . .
>
> Bayer [now Siemens] notes a multiple dependency problem in some of Enzo's claims.  Resolving the problem is not necessary to determine priority.  Consequently, no motion is authorized.

(Exhibit C at 3.)  It observed that these issues were better addressed through other PTO mechanisms, such as by reexamination or in prosecution of the Enzo '995 application:

This decision is without prejudice to either party seeking
appropriate remedies through reexamination (in the case of Bayer's
patent or any resulting Enzo patent), reissue (Bayer for its own
patent), or further prosecution or protest (in the case of Enzo's
application).

. . . .  If Enzo's claims survive this interference, Enzo should
resolve the [multiple dependency] problem before the examiner.

(*Id.*)

These issues are not ripe for a Section 146 review because they were not addressed by the

BPAI.  This Court will not have any existing record to review and will be required to made *de*

*novo* findings of fact.  The purpose of a Section 146 case is not to make such *de novo* findings,

rather it is to review the decisions of the BPAI.  *See Conservolite*, 21 F.3d at 1101–02 ("While

Section 146 provides that the administrative record developed at the PTO may be admitted

'without prejudice to the right of the parties to take further testimony,' the right to offer new

evidence is not unlimited.").  Moreover, as noted by the BPAI, anticipation, obviousness, and

multiple dependent claim violations are better addressed before a patent examiner.  This is all the

more important because the Enzo'995 application has not issued, and therefore, issues of

patentability should be resolved in the PTO where they can be corrected, if necessary, before

issuance.

## CONCLUSION

For the foregoing reasons, Enzo respectfully requests that the Court grant its motion and dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

ENZO LIFE SCIENCES, INC.

By its attorneys,

Dated:  September 1, 2010

/s/ Douglas R. Tillberg
Thomas F. Maffei (BBO 313220)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
Tel:  (617) 542-9900
Fax:  (617) 542-0900

*Of Counsel*:

Richard L. DeLucia
Elizabeth A. Gardner (admitted *pro hac vice*)
Charles A. Weiss
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1007
Tel:  (212) 425-7200
Fax:  (212) 425-5288

### Certificate Of Service

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 1, 2010.

/s/ Douglas R. Tillberg

- 11 -