UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIEMENS HEALTHCARE DIAGNOSTICS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ENZO LIFE SCIENCES, INC.,<br><br>        Defendant. | Case No.: 4:10-cv-40124-TSH<br><br>**MOTION FOR LEAVE**<br>**ALLOWED ON 11/18/2010** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**<u>MOTION TO DISMISS</u>**

- i -

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

LEGAL ARGUMENT ......................................................................................................... 2

    I.    Siemens Does Not Have Standing Under 35 U.S.C. § 146 .................................... 2

        A.    Siemens does not have procedural rights standing because it was a party to the interference ................................................................................................. 2

        B.    Siemens does not have standing based on the interference proceeding implicating matters of public concern ........................................................... 4

        C.    Neither 35 U.S.C. §§ 135(a) nor 135(b)(1) permit an interference proceeding between a pending patent application and an expired patent ... 5

    II.    Because Siemens Cannot Enforce The Canceled Claims Of Its Patent For Pre-Expiration Damages, Even If The Court Reverses The BPAI's Decision, That Possibility Does Not Give Rise To Standing .......................................................... 7

    III.    Siemens Cannot Obtain Review Of Patentability Claims That Were Not (And Did Not Have To Be) Addressed At The BPAI ............................................................ 8

CONCLUSION .................................................................................................................... 9

Defendant Enzo Life Sciences, Inc. ("Enzo") respectfully submits this reply brief in support of its Motion to Dismiss the Complaint (D.I. 15) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

## INTRODUCTION

Each of Siemens's grounds for standing is legally unavailing.  First, there are no "procedural standing rights" because Siemens (i) was a party to the underlying interference proceeding and (ii) has identified no failure by the Patent and Trademark Office ("PTO") to follow a legally required procedure.  Its complaint is about the outcome of the interference, not the process under which the interference was adjudicated.

Second, there is no general public right to invoke the jurisdiction of the federal courts to attack allegedly invalid patents.  Indeed, no patent has yet issued to Enzo and the PTO may never issue the patent to Enzo.  But if it does, then Siemens is free to exercise the option afforded all members of the public to seek reexamination of the patent by the PTO pursuant to 35 U.S.C. § 302 (*ex parte* reexamination) or 35 U.S.C. § 311 (*inter partes* reexamination).  If a case or controversy were to exist in the future due to a threat made against Siemens, it could even seek declaratory relief in district court pursuant to 28 U.S.C. § 2201.  What it cannot do, however, is invoke the jurisdiction of the federal courts in this proceeding, where there is no case or controversy, in the cloak of "public interest," any more than could a stranger to the interference proceeding or another officious intermeddler.

Third, Siemens's argument that it hypothetically might elect sometime within the next few years to enforce its expired patent against some pre-expiration infringer is unavailing because no outcome of this case can resurrect that patent.  The reason is that Siemens decided in

the interference not to contest Enzo's showing that Enzo invented the claimed subject matter before Siemens (the priority issue).  Because of that, the Siemens patent is invalid as a matter of law under 35 U.S.C. § 102(g) (prior invention) and 35 U.S.C. § 102(e) (prior filing) due to Enzo's priority of invention.  All that Siemens could get out of this case is a ruling that Enzo is not entitled to a patent, but as set forth above and in Enzo's opening brief, such relief is not by itself available in this proceeding.

Siemens's remaining claims concerning anticipation, obviousness, and multiple dependency, fail on the merits and must be dismissed under Rule 12(b)(6) because they were not (and did not have to be) adjudicated by the PTO so there is nothing for the Court to review.  In any event, the Enzo's application is still undergoing prosecution and has not been issued as a patent, making any review of the patentability of its claims, which are subject to amendment, premature and inappropriate as an advisory determination.

## **LEGAL ARGUMENT**

**I.     Siemens Does Not Have Standing Under 35 U.S.C. § 146**

    **A.     Siemens does not have procedural rights standing because it was a party to the interference**

Procedural rights standing is a device created to permit persons who were not parties to administrative proceedings to challenge an agency's failure to follow legally required procedures that exist for such persons' benefit.  In such case, the failure of procedure is itself deemed to be a judicially redressable injury.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571–72 (1991); *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 27 (1st Cir. 2007); *see generally* Christopher T. Burt, Procedural Injury Standing after *Lujan v. Defenders of Wildlife*, 62 U. Chi. L. Rev. 275, 276 (1995) (discussing the background and reasoning for the procedural standing doctrine).  The doctrine typically applies to environmental laws, which mandate compliance with

certain procedures precisely because those procedures have been found (by Congress) necessary to protect persons who are not parties to a particular environmental review process. *See, e.g.*, *Lujan*, 504 U.S. at 571–72; *Impson*, 503 F.3d at 27. Siemens has not cited, and Enzo is not aware of, any cases in which procedural rights standing supplied subject-matter jurisdiction in an otherwise-moot Section 146 proceeding.

In *Impson*, for example, Native American tribe members filed suit against the Bureau of Indian Affairs ("BIA") for having approved a lease on their tribe's reservation to a natural gas developer without following procedures (including an environmental impact study) required by the National Environmental Policy Act, the National Historic Preservation Act, and the Endangered Species Act. *Impson*, 503 F.3d at 23–25. The plaintiffs were able to show that the three acts were designed to protect concrete interests personal to them, such as their use of the land and surrounding waters for purposes that might be endangered by the BIA's failure to conduct an environmental impact study before deciding whether to approve the lease. *Id.* at 27.

Under a normal standing analysis, the plaintiffs would not be able to show an imminent or concrete injury-in-fact because it is the eventual development of the land (which may not occur for many years, if ever) that will result in an injury to the plaintiffs, not the failure to conduct an environmental impact study. *Id.* And the plaintiffs would not be able to show that their injury is redressable by a court because even if the BIA were ordered to conduct an environmental impact study, it still might approve the lease. *Id.*[1] Accordingly, courts have developed a standing analysis under which a relaxed showing of injury-in-fact and redressability is used in order to protect a party who certain procedural regulations were designed to protect.

---

[1] Conversely, the reservation and developer would be able to show an injury-in-fact and redressability if they challenged the actions of the BIA because the BIA's actions have an immediate impact on the reservation and developer.

Key to this relaxed standard is that the aggrieved party was not a party to the agency's procedural action, and therefore would have no way of meeting the normal standing requirements; rather, the party is a person the allegedly violated procedural regulations were designed to protect.

The present case is not analogous to the types of cases in which the procedural standing analysis is used.  First, Siemens has not identified any legally required procedure that was not followed.  Second, Siemens was not a third party to the interference proceeding and was not in some class of persons who is harmed by a failure of the PTO to follow some as yet unspecified procedure.  Moreover, Siemens could have established standing under the normal standing analysis had its patent not expired.  Simply stated, Siemens does not need the protection afforded by the procedural standing analysis in order to have its rights protected—it was a direct party to the interference proceeding and had the ability to directly protect its interests during the proceeding.  Its patent has now expired, and as recognized by the express provisions of 35 U.S.C. § 154(a)(2), Siemens no longer has any rights that need to be protected.

**B.      Siemens does not have standing based on the interference proceeding implicating matters of public concern**

A party does not, in general, have standing to seek redress for harm to the public.  Indeed, in *Lujan*, the Supreme Court held that when a plaintiff only alleges harm to the general public the plaintiff does not state a case or controversy:

> We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573–74.  Here, Siemens has no standing as a supposed protector of the public interest in ensuring the integrity of the patent system.

Importantly, Section 146 does not provide an avenue for Siemens or the public to challenge the patentability of the Enzo '995 application. Siemens, or any other party, may challenge the patentability of Enzo's patent claims by filing a request for reexamination under Sections 302 or 311 if and when the Enzo '995 application issues as a patent in the future.

### C. Neither 35 U.S.C. §§ 135(a) nor 135(b)(1) permit an interference proceeding between a pending patent application and an expired patent

Siemens states that so long as a Section 135(a) interference was declared between a pending patent application and an unexpired issued patent, the BPAI is obligated to issue a judgment even if the patent expires during the interference. (Opposition Brief 12.) Siemens's argument is incorrect for at least two reasons.

First, whether the BPAI has jurisdiction over an interference involving a patent that expired during the proceeding is not the primary inquiry—whether this Court must entertain a Section 146 action involving a patent that expired before the action was filed.

District courts are vested with jurisdiction over interferences under, for example, Section 146 and 35 U.S.C. § 291. Under these statutes, district courts do not have subject-matter jurisdiction to hear cases involving expired or abandoned patents. *See, e.g.*, *3V, Inc. v. CIBA Specialty Chem. Corp.*, 587 F. Supp. 2d 641, 646–47 (D. Del. 2008) (holding that a court lacks subject-matter jurisdiction to hear a Section 146 action involving a pending application and an abandoned patent); *Alberta Telcomms. Research Ctr. v. Rambus, Inc.*, No. 06-02595 RMW, 2006 U.S. Dist. LEXIS 81093, at *5–10 (N.D. Cal. Oct. 24, 2006) (holding that a court does not have subject matter jurisdiction to hear a Section 291 action involving an expired patent).

Similarly, whether Section 135(b) contains the word unexpired is not relevant to whether this Court has subject-matter jurisdiction over this case. Section 135(a), which does contain the word unexpired, is the part of Section 135 that provides for interference proceedings before the

BPAI.  Section 135(b) simply presents a threshold issue to the interference—whether an applicant can present a claim that interferes with the claim of an issued patent (which obviously cannot apply to an expired patent).  For the interference to actually be declared, the issued patent must be unexpired as required by Section 135(a).

Second, none of the cases or statutes cited by Siemens support the proposition that an expired patent can be the subject of an interference proceeding.  35 U.S.C. § 6 simply provides for the establishment and composition of the BPAI and states that their duties shall include deciding interferences.  Section 135(a) provides that an interference may be declared between a pending application and either another pending application or an unexpired patent.  *Guinn v. Kopf* and *In re Gartside* held that an interference could proceed when a patentee disclaimed only the involved claims of the patent, but not all of the claims.  96 F.3d 1419, 1422 (Fed. Cir. 1996); 203 F.3d 1305, 1317 (Fed. Cir. 2000).  And *Petrie v. Walsh* held that an interference between a pending application and a patent that expired before the declaration of interference cannot proceed.  21 U.S.P.Q.2d 2012, 2013 (B.P.A.I. 1991).  *Petrie* did not address what would happen if the patent expired during the pendency of the interference proceeding, but if the BPAI lacked jurisdiction to hear the case at its outset, the mootness doctrine would divest the BPAI of subject-matter jurisdiction if the patent expired during the course of the interference.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) ("mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'").

Siemens notes that if the BPAI had entered judgment against Enzo in the interference (Opposition Brief 11), Enzo may have standing to appeal the BPAI's decision even if the Siemens '246 patent had expired.  In such a case, the Court would be able to grant relief to Enzo

by reversing the BPAI's decision.  But this is not the fact pattern presented in this case, and any consideration of this scenario is speculative at best.  In the case before the Court, there is no relief that can be granted to Siemens.

**II.     Because Siemens Cannot Enforce The Canceled Claims Of Its Patent For Pre-Expiration Damages, Even If The Court Reverses The BPAI's Decision, That Possibility Does Not Give Rise To Standing**

During the interference proceeding, Siemens conceded priority of invention to Enzo and argued only that Enzo's claims were barred under Section 135(b) and by prosecution laches. Siemens did not file a motion to establish an earlier date of invention.  Accordingly, Siemens has thus admitted that the Enzo '995 application and the invention by Enzo of the subject matter thereof is prior art to the Siemens '246 patent under Sections 102(g) and 102(e).

If the Court were to reverse the BPAI's decision and hold Enzo's claims barred under Section 135(b) or by prosecution laches, Enzo will not be entitled to the involved claims of its patent.  However, Siemens's patent will still be invalid under Sections 102(g) and (e) based on Enzo's earlier date of invention.  Because a Section 146 action is limited to those issues that were raised in the underlying interference proceeding, Siemens cannot attempt to establish an earlier date of invention during this Section 146 action.  Therefore, no matter what the outcome of this case is, Siemens will not be able to enforce the involved claims of its patent for pre-expiration damages as those claims are invalid under Sections 102(g) and (e).

Additionally, if the involved claims of the Siemens '246 patent are not invalid under Sections 102(g) and (e), Siemens has not cited, and Enzo is not aware of, any cases to support its assertion that the BPAI's post-expiration decision to cancel the involved claims of the Siemens '246 patent renders those claim invalid or unenforceable in a subsequent infringement action for pre-expiration damages.

### III. Siemens Cannot Obtain Review Of Patentability Claims That Were Not (And Did Not Have To Be) Addressed At The BPAI

The purpose of a Section 146 action is not to make *de novo* findings of fact, rather it is to review the decisions of the BPAI. *Conservolite, Inc. v. Widmayer*, 21 F.3d 1098, 1101–02 (Fed. Cir. 1994). In the underlying interference, the BPAI did not address two issues Siemens tried to raise—whether Enzo's claims are anticipated or obvious in view of the prior art and whether Enzo's claims are multiple dependent claims. Since the BPAI did not make any factual findings regarding these two issues, there is no record for this Court to review. Accordingly, these issues are not appropriate for review in a Section 146 action.

Importantly, the BPAI did not need to consider either issue in order to reach its decision in the interference. (Opening Brief Exhibit C at 3 ("Given the unusual number of claims, [the prior art motion] appears to be a significant distraction from the priority determination. . . . Resolving the [multiple dependency] problem is not necessary to determine priority.")) That is, even if Enzo's involved claims were invalid over the prior art or because of multiple dependency, it would not change the fact that Siemens's involved claims are invalid based on Enzo's prior invention.

Even if these issues were adequately raised before the BPAI to be considered in a Section 146 action, the issues are not ripe for review by a district court.[2] The Enzo '995 application is still undergoing prosecution and its claims are subject to amendment. Thus, any attempt by the Court to opinion on the patentability of Enzo's claims would be against a moving target. As stated by the BPAI, anticipation and obviousness are better addressed in reexamination after

---

[2]  Siemens's prosecution laches claim is similarly not ripe for review because prosecution of the Enzo '995 application is still ongoing.

- 8 -

Enzo's patent issues.  (*Id.*)  And the issue of multiple dependency should be corrected by Enzo during prosecution before the patent issues.  (*Id.*)

## CONCLUSION

For the foregoing reasons, Enzo respectfully requests that the Court grant its motion and dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

ENZO LIFE SCIENCES, INC.

By its attorneys,

Dated:  November 18, 2010

 /s/ Douglas R. Tillberg
Thomas F. Maffei (BBO 313220)
Douglas R. Tillberg (BBO 661573)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, Massachusetts 02110-2214
Tel:  (617) 542-9900
Fax:  (617) 542-0900

*Of Counsel*:

Richard L. DeLucia
Elizabeth A. Gardner (admitted *pro hac vice*)
Charles A. Weiss
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1007
Tel:  (212) 425-7200
Fax:  (212) 425-5288

- 10 -

**Certificate Of Service**

    I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 18, 2010.

                                          /s/ Douglas R. Tillberg