**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SIEMENS HEALTHCARE DIAGNOSTICS INC.,** | |
| Plaintiff, | Civil Action No. 4:10-cv-40124 |
| v. | **ORAL ARGUMENT REQUESTED** |
| **ENZO LIFE SCIENCES, INC.,** | **MOTION FOR LEAVE GRANTED ON 11/18/10** |
| Defendant. | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT**
**ENZO LIFE SCIENCES, INC.'S MOTION TO DISMISS**

## I. INTRODUCTION

Siemens submits this Surreply to respond to new issues raised in Enzo's Reply Memorandum In Support of Defendant's Motion to Dismiss.

## II. ARGUMENT

Enzo's Reply addresses issues Siemens never raised in its Opposition to Enzo's Motion to Dismiss.

First, Siemens never argued standing based on the PTO's "failure of procedure." *See* Enzo Reply at 2-4. Instead, Siemens recognized that the PTO appropriately did not terminate the interference after its patent expired, and Siemens argued that Section 146 provides it the right to obtain review of the PTO's decision. *See* Siemens Opp'n at 7-9. Enzo did not respond to Siemens' arguments about the statutory language and legislative history of 35 U.S.C. §146.

Second, Siemens never argued that it has standing under the cloak of public interest. *See* Enzo Reply at 4-7. Instead, Siemens argued that a Section 146 review of an agency's decision in an interference is not merely private litigation between parties (like Section 291) because Section 146 implicates matters of public interest. *See* Siemens Opp'n at 7-9. The public has an interest in the issuance of valid patents and having an accurate, reliable public record of PTO decisions on which to rely. If review of an agency decision could be denied due to patent expiration, it would encourage patent applicants to prolong the patent examination process – as Enzo has done here. This outcome contradicts not only the legislative history and plain language of Section 146, but also Federal Circuit precedent holding that disclaimer does not divest the Board of its authority to resolve a properly declared interference. *See Guinn v. Kopf*, 96 F.3d 1419 (Fed. Cir. 1996). If disclaimer does not divest the Board of authority, then expiration should also not deprive the district court of jurisdiction. In at least one case, the Federal Circuit did not render

moot a Section 141 appeal involving an expired patent. *See Capon v. Eshhar*, 418 F3d 1349, 1351 (Fed. Cir. 2005) (addressing Section 112 written description requirement without commenting on standing). *See also* Charles L. Gholz, *A Critique Of Recent Opinions In Patent Interferences,* 88 J. Pat. & Trademark Off. Soc'y 217, 236-37 (March 2006).

Enzo relies on *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), (Reply at 6) but this Section 146 action satisfies the conditions for standing set forth in that case. Siemens demonstrated "an invasion of a legally protected interest," namely its continuing right to enforce its patent (under Section 286), that is both "concrete and particularized" and "actual and imminent." *Id.* at 64. If Siemens is denied district court review of the Board's decision (which would become final), Siemens' continuing right to enforce its patent would be improperly taken away.

Third, Enzo's contention that the statute that defines the term of a patent (35 U.S.C. §154(a)(2)) recognizes that "Siemens no longer has any rights that need to be protected" (Enzo Reply at 4) is specious. Under Section 286 and Federal Circuit case law, a patentee has a continuing right to bring suit on an expired patent to recover damages for infringement that occurred for up to six years prior to the filing of the suit. *See, e.g., In re Morgan*, 990 F.2d 1230, 1232 (Fed. Cir. 1993) (holding that "a patent *does* have value beyond its expiration date … [and] may be sued on after it expires.") (emphasis added); *Wanlass v. Fedders Corp.,* 145 F.2d 1461, 1462 (Fed. Cir. 1998) (stating that Section 286 permits recovery of damages for up to six years prior to filing suit for infringement occurring during the patent term, even where suit is filed on an expired patent).

Fourth, Enzo's claim that "Siemens cannot enforce the canceled claims of its patent" (Reply at 7) cuts against Enzo's arguments that Siemens has no interest at stake in this Section

146 action. Only if this Court dismisses this action and denies Siemens its day in court would Siemens' patent claims at issue be unenforceable. Moreover, Enzo's argument that, as a result of the interference, Siemens' patent is unenforceable (under Sections 102(g) and 102(e) or by conceding priority) demonstrates that Siemens has a stake in its patent to be resolved by this action. Enzo fails to appreciate that the decision of the Board is not final, and it is this Section 146 action that precludes the Board's decision from becoming final. Enzo cannot deny that Siemens has concrete interests at stake: the right to enforce its patent and a right to reverse an erroneous Board decision. Therefore, this Court has jurisdiction to hear this Section 146 action. Holding otherwise would deprive Siemens of its continuing patent rights and thereby reward Enzo for its extensive efforts to delay prosecution.

Finally, Enzo attempts to improperly reargue the merits of its Rule12(b)(6) motion regarding this Court's ability to review the patentability and enforceability of Enzo's claims. *See* Reply at 8-9. Neither patentability nor enforceability go to the issue of standing. Moreover, even if these issues were not reviewed by the Board, it would not eliminate the need for this 146 action. The Federal Circuit very recently held that new evidence can be introduced in a Section 145 civil action in the federal district courts. *See Hyatt v. Kappos*, 2010 U.S. App. LEXIS 23117 (Fed. Cir. Nov. 8, 2010). On this issue, the court saw "no rationale that would justify distinguishing between [Section 146] interferences and [Section 145] ex parte actions." *Id.* at *27 n.2. Thus, contrary to Enzo's arguments on this point, the Federal Circuit has now clearly established that new evidence is admissible in both Section 145 *and* Section 146 actions, subject only to the Federal Rules of Evidence and Federal Rules of Civil Procedure. *See id.* at *51.

-5-

## III. CONCLUSION

For all of these reasons, Enzo's Proposed Reply adds nothing and its Motion To Dismiss should be denied.

Dated: November 18, 2010

Respectfully submitted,

SIEMENS HEALTHCARE DIAGNOSTICS INC.

By its Attorneys,

/s/ Russell J. Barron
Russell J. Barron
BBO # 677580
barronr@pepperlaw.com
PEPPER HAMILTON LLP
125 High Street ~ 15th Floor
Oliver Street Tower
Boston, Massachusetts 02110
Telephone: 617.204.5127
Facsimile:  617.204.5150

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 18, 2010.

/s/ Russell J. Barron